UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRENTON DAVON FYE,

    Plaintiff,

    v.                              CAUSE NO. 3:25-CV-352 DRL-SJF

MICHAEL CLEMONS *et al.*,

    Defendants.

## OPINION AND ORDER

Trenton Davon Fye, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee was not paid. After the order issued, the fee was received. The case will proceed to screening.

In accordance with 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Fye is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Fye is incarcerated in the Westville Control Unit (WCU). He claims that on October 3, 2024, he noticed some rust and mold on his sheets and blankets. He notified several correctional officers about the problem. Several ignored him. One officer took the dirty sheets but did not give him any clean ones, forcing him to go without any bedding for one night. Around 9:30 a.m. the next morning, he was given clean sheets and blankets. He seeks $2.5 million for the "17 hours" he went without clean bedding.

In evaluating an Eighth Amendment conditions-of-confinement claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation or condition is serious enough that it resulted in "the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with reasonably adequate bedding and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). At the same time, the Constitution does not require that prisons be comfortable or pleasant, and prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). To satisfy the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotations omitted).

It is unfortunate this incident happened, but being without clean blankets for one night is not the type of severe deprivation that violates the Eighth Amendment. *Pegues v. Rogers*, No. 3:07-CV-93-PPS, 2007 WL 951896, 1 (N.D. Ind. Mar. 27, 2007) ("[C]onditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations."). Aside from being cold for one night, there is no indication Mr. Fye suffered a physical injury due to this short-term problem. He states that he suffered an emotional injury because he was "filled with rage" about what happened, but "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

He also claims he has noticed some mold on one of the vents in his cell. He does not describe any problems this is causing at present, but states that he would prefer to be housed in a cell without any mold. The mere presence of some mold or mildew at the prison does not give rise to an Eighth Amendment claim. *See Carroll v. DeTella*, 255 F.3d 470, 473 (7th Cir. 2001) ("failing to provide a maximally safe environment, one completely free from pollution or safety hazards," does not amount to cruel and unusual punishment); *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993) (inmate's exposure to moderate levels of environmental contaminants did not violate the Eighth Amendment, because such exposure "is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual"). He also does not describe conduct by any defendant related to the mold that approaches "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). At most,

his allegations suggest negligence in the maintenance of the prison, which cannot support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Therefore, his complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing this order, he believes he can state a plausible constitutional claim based on this incident, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **September 25, 2025**, to file an amended complaint; and

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal without further notice pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

August 22, 2025                                         *s/ Damon R. Leichty*
                                                        Judge, United States District Court